Cap S. McELROY, Plaintiff-Appellant,

v.

Karen SWAN et al., Defendants-
Appellees.

No. 71-1330.

United States Court of Appeals,
Sixth Circuit.

April 3, 1972.

Cap S. McElroy, in pro per.

No brief for appellees.

Before PHILLIPS, Chief Judge, and
CELEBREZZE and KENT, Circuit
Judges.

PER CURIAM.

This action was filed April 9, 1971,
under 42 U.S.C. § 1983. Two days later
the District Court, acting sua sponte,
dismissed for want of subject matter ju-
risdiction, for the reason that plaintiff
claims damages amounting to only $501.

Plaintiff, proceeding pro se, sued two
city policemen and the wife of a city po-
liceman, charging a conspiracy resulting
in the confinement of plaintiff in jail
for nine days, in lieu of payment of a
fine.

The statutory jurisdictional
amount required in diversity cases does
not apply to an action under 42 U.S.C. §
1983, suing for constitutional infringe-
ment of a right of personal liberty.
Jones v. Alfred H. Mayer Co., 392 U.S.
409, 412 n. 1, 88 S.Ct. 2186, 20 L.Ed.2d
1189 (1967); Douglas v. Jeannette, 319

U.S. 157, 161, 63 S.Ct. 877, 87 L.Ed. 1324 (1943); Hague v. C.I.O., 307 U.S. 496, 531, 59 S.Ct. 954, 83 L.Ed. 1423 (1939); Detroit Edison Co. v. East China Township School District, 378 F.2d 225, 228 (6th Cir. 1967); Glicker v. Michigan Liquor Control Commission, 160 F.2d 96, 98 (6th Cir. 1947).

 In addition to averring jurisdiction under 42 U.S.C. § 1983, the complaint in the present case also alleged diversity jurisdiction, although showing on its face that plaintiff and all defendants are citizens of Toledo, Ohio. This pro se complaint will be held to less stringent standards than formal pleadings prepared by lawyers. Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

We hold that the District Court erred in dismissing the complaint. Azar v. Conley, 456 F.2d 1382 (6th Cir., 1972).

Reversed and remanded.